IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **GLORIA HEIM** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:06 CV 48 |
| | § | |
| **SEARS, ROEBUCK AND CO.** | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Sears' Motion to Transfer Venue (Docket No. 5). Having considered the parties' written submissions and the applicable law, the Court **DENIES** the motion.

**BACKGROUND**

Gloria Heim claims that carelessly stacked merchandise fell on her during a shopping trip to a Sears store in Tyler, Texas, causing her serious bodily injury. Heim brings suit under theories of premises liability and negligence. Although Heim lives in Tyler and her claimed injury occurred at a Sears in Tyler, Heim chose to bring suit in Marshall, Texas. Sears moves to transfer this case from the Marshall Division to the Tyler Division. Marshall is approximately 63 miles east of Tyler just off Interstate 20.

**APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the

claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted.

*Z-Tel Commc'ns*, 331 F. Supp. 2d at 570 (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

*Relative ease of access to sources of proof*

Although the alleged injury occurred in Tyler and Heim has been treated by doctors in Tyler, Sears has not presented any reason that maintaining the suit in Marshall would impede in any way its access to sources of proof. Accordingly, this factor does not favor transfer.

*Availability of the compulsory process to secure witnesses' attendance*

Since Tyler is only 63 miles from Marshall, the Court does not anticipate that any witnesses will not be subject to the Court's compulsory process. Further, the parties have not raised any witnesses not subject to the Court's compulsory process. This factor does not favor transfer.

*Willing witnesses' cost of attendance*

Any eye witnesses and Heim's treating physicians are likely located in Tyler. Those witnesses, if called to testify, will need to travel about an hour to Marshall for the trial. Contrary to Sears' belief, an overnight stay is not required if a witness is called to testify in the early morning or late afternoon; the commute can easily be made in the morning or evening. It is unlikely any witness will need to stay over night since the Court has scheduled this case for a two day trial. Further, one eye witness has stated that she would be willing to appear in Marshall for trial. At most, this factor may slightly favor transfer.

*All other practical problems that make the case's trial easy, expeditious, and inexpensive*

Sears does not identify any other practical problems that favor Tyler over Marshall. Accordingly, this factor does not favor transfer.

*Administrative difficulties flowing from court congestion*

This factor does not support transfer.  Since this Court sits in Marshall and Tyler, the Court will retain the case if it is transferred.  The case is set for trial in Marshall in February 2007.  Thus, there are no administrative difficulties that this Court might face that would not equally affect the case it if is transferred.

*Local interest in having local issues decided at home*

Sears contends that because the injury occurred in Tyler it would be unfair to burden a Marshall jury with the trial.  While a Tyler jury may have a slightly greater interest in resolving the suit since the injury occurred in the Tyler store, a Marshall jury also has an interest in resolving the controversy since Sears also operates a store in Marshall.  This factor only slightly favors transfer.

*Forum's familiarity with the governing law*

This factor does not support transfer.  The governing law does not change from the Marshall Division to the Tyler Division.

*Avoidance of unnecessary conflict of law problems involving foreign law's application*

This factor does not support transfer since the applicable law will not change if the case is transferred.

## CONCLUSION

Only the willing witnesses' cost of attendance and the local interest factors support transfer—and those only slightly.  While Heim's foreign choice is not dispositive, Sears has not shown that these factors Tyler outweigh Heim's choice.  Accordingly, the Court **DENIES** the motion.

**So ORDERED and SIGNED this 25th day of April, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**